UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER OZANICH,

    Plaintiff,

v.                                                    Case No. 07-14831

CENTRAL PORTFOLIO CONTROL, INC., et al,    HONORABLE AVERN COHN

    Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT[1]

I.

This is a case under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d) (FDCPA). Plaintiff Christopher Ozanich (Ozanich) is suing defendants Central Portfolio Control, Inc. (CPC), John Does I-V, Jane Does I-III, Supervisor Doe, and Worldzen Collection and Recovery, LLC (Worldzen).[2] Ozanich claims that defendants, in attempt to collect a debt, violated the FDCPA, the Michigan Occupational Code, M.C.L. §1339.901(b), and the Michigan Collection Practices Act (MCPA), M.C.L. §445.251(g)(xi).

---

[1] Although ordinarily the Court would schedule this matter for hearing, upon review of the parties' papers, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

[2] Plaintiff later dismissed his claims against Worldzen, Jane Doe III, and Supervisor Doe.

Before the Court is Ozanich's motion for leave to file First Amended Complaint to add a new claim against CPC, add new parties, and specifically identify several of the individual defendants who were known only as "John Doe" and "Jane Doe. CPC objects. For the reasons that follow, the motion is GRANTED.

II.

Under Fed. R. Civ. P. 15(a), a party may amend their pleadings after 20 days "only by leave of court or by written consent of the adverse party"; and leave to amend pleadings "shall be freely given when justice so requires." The decision whether or not to permit the amendment is committed to the discretion of the trial court. See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971); Estes v. Kentucky Util. Co., 636 F.2d 1131, 1133 (6th Cir. 1980). This discretion, however, is "limited by Fed.R.Civ.P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits." See Marks v. Shell Oil Co., 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted).

In determining whether to permit amendment, some of the factors which may be considered by the district court are undue "delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." Hageman v. Signal L.P. Gas, Inc. 486 F.2d 479, 484 (6th Cir. 1973). See also Foman v. Davis, 371 U.S. 178, 182 (1962). Delay by itself is not sufficient to deny a motion to amend. Hageman, 486 F.2d at 484. See also General Elec. Co. v. Sargent & Lundy

916 F.2d 1119, 1130 (6th Cir. 1990).  Moreover, in denying a motion to amend, a court must find "at least some significant showing of prejudice to the opponent." Moore v. City of Paducah, 790 F.2d 557, 562 (6th Cir. 1986).

III.

Ozanich says that the amended complaint comes at a time early enough in the proceeding that there is no conceivable prejudice that could arise from filing this amended complaint.

CPC says that the amendment should be denied because Ozanich had all the necessary information regarding the proposed new parties (Resurgent and LVNV) at the time he filed the original complaint and should not be permitted to add these new parties at this time.  CPC also says that amendment would prejudice it because Ozanich seeks to add a new claim against it for violation of the Telephone Consumer Protection Act, for which it has not engaged in any discovery.  Further, CPC says it would have to modify its defense if Ozanich is allowed to add multiple parties, which he had been aware for months.  CPC states that having already begun discovery, Ozanich's failure to explain the cause for delay should be denied to avoid risk of subjecting CPC to undue prejudice.

Ozanich's motion is well-taken.  Although CPC says the motion is untimely, the case is still in discovery and it is better to have a complaint where the parties are properly identified.  Moreover, CPC will not be prejudiced by the addition of a claim against them or new defendants because discovery is still open and may be extended if

necessary.

SO ORDERED.

Dated: June 9, 2008         s/Avern Cohn
                            AVERN COHN
                            UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 9, 2008, by electronic and/or ordinary mail.

                            s/Julie Owens
                            Case Manager, (313) 234-5160